| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

RALDOLPH MARTIN,

                              Plaintiff,                    ORDER

            - versus -                              12-CV-3439

KRISTAL AUTO MALL CORP.,

                              Defendant.

JOHN GLEESON, United States District Judge:

       On July 11, 2012, the plaintiff filed a counseled complaint alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, 216(a), and the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq. to recover unpaid overtime premium pay. Specifically, the complaint alleges that the defendant employed the plaintiff as a cleaning person and a handyman for five years and – during that time –willfully failed to pay overtime for all hours worked in excess of forty hours per week. Compl. ¶¶ 17-21, ECF No. 1.

       The defendant did not file an answer. On January 10, 2013, counsel for plaintiff and defendant filed a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) to dismiss the action with prejudice. On January 16, 2013, this Court ordered the parties to produce the settlement agreement and, *inter alia*, to show cause why this agreement should be approved.

       To date, the parties have not produced the settlement agreement. Instead, counsel for plaintiff filed a letter noting his disagreement that judicial approval is required and urging this Court to reconsider its order. *See* Plfs.' Letter 1, Jan. 17, 2013, ECF No. 8. Plaintiff cited to a recent Fifth Circuit decision, *Martin v. Spring Break '83 Productions, LLC.*, 688 F.3d 247 (5th Cir. 2012), as authority for its position. On January 18, 2013, counsel for the defendant "join[ed] in Plainitff's request for an order . . . adopting the rule set forth in *Martin*." *See* Defs' Letter 1, Jan. 18, 2013, ECF No. 9.

This Court's order directing the parties to produce a copy of the settlement agreement for judicial approval stands. District courts in this Circuit have consistently held that FLSA does not allow an employee to waive or otherwise settle a claim for unpaid overtime wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. *See e.g.*, *Curasi v. Hub Enters., Inc.*, No. 11Civ 2620, 2012 WL 728491, at *1 (E.D.N.Y. Mar. 5, 2012); *Mateo v. Greenwich Village Entertainment Group LLC*, No. 10 Civ 2465, 2011 WL 321146 (S.D.N.Y. Feb. 1, 2011); *Le v. SITA Information Networking Computing USA, Inc.*, No. 07 Civ 86, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008). Where the settlement is fair and reasonable to the employee and does not frustrate implementation of the Act, it is quickly approved.[1] If the Court of Appeals for the Second Circuit rules that judicial approval of FLSA settlements is not required, I will change my practice. Until then, I hold that such approval is required to comply with the purpose of the Act. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 & n. 8 (1946).[2]

The parties are directed to respond to this Court's January 16, 2013 Order to Show Cause on or before January 23, 2013.

So ordered.

_____

---

[1] I disagree that courts and parties are "expending an enormous amount of scarce time and resources on approval motion[s]." Letter 1, Jan. 17, 2013, ECF No. 8.

[2] Even if *Martin v. Spring Break '83 Productions* were controlling law in this Circuit, the facts of this case are distinguishable. In that case, the Fifth Circuit held that "the payment offered to and accepted by Appellants, pursuant to the Settlement Agreement, is an enforceable resolution of *those FLSA claims predicated on a bona fide dispute about time worked* and not as a compromise of guaranteed FLSA substantive rights themselves." *Martin*, 688 F.3d at 255 (emphasis added). In so holding, the Circuit relied on the lower court's factual finding – which, in turn, was based on a review of the Settlement Agreement and the briefing on summary judgment – that such a "bona fide dispute existed at the time of the Settlement Agreement." *See Martin v. Spring Break '83 Prod., LLC*, 797 F.Supp.2d 719, 731 (E.D. La. 2011). Noting that it "would be impossible to determine whether or not Appellants worked on the days they claimed they had worked in their grievance," the Fifth Circuit agreed with the lower court's factual finding that a "bona fide" dispute existed between the parties. *Martin*, 688 F.3d at 255. In this case, unlike in *Martin*, there is no factual finding whether a bona fide dispute exists, nor is it possible to make such a finding, as the defendant has not filed an Answer.

                                                  John Gleeson, U.S.D.J.

Dated: January 22, 2013
       Brooklyn, New York